IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **REDUCE SENTENCE (FIRST STEP** |
| | ) | **ACT)** |
| vs. | ) | |
| | ) | |
| Bobby Joe Demery, | ) | Case No. 3:16-cr-00092 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Bobby Joe Demery's "motion for relief [p]ursuant to the First Step Act of 2018, in accordance with Congress' Statutory Change in section 404 (b) Resentencing, absent a waiver," filed on September 9, 2019. Doc. No. 114. Demery seeks relief based on Section 404 of the First Step Act of 2018, which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine. The Government responded in opposition to the motion on September 19, 2019. Doc. No. 115. For the reasons below, the motion is denied.

On October 10, 2017, Demery pled guilty to Count 3 of a three-count Superseding Indictment charging him with Providing a Controlled Substance to Underage Persons from on or about July 30, 2014, until August 16, 2014, in violation of 21 U.S.C. § 861(a)(1).[1] Doc. No. 96. On January 29, 2018, Demery appeared before the Court for sentencing. The Court adopted the Presentence Investigation Report without change and determined that the applicable Guideline range was 100 to 120 months' imprisonment. Doc. No. 112. The count of conviction did not carry

---

[1] Counts 1 and 2 were dismissed at sentencing upon motion of the Government. Doc. No. 110.

a mandatory minimum sentence. Id. The Court varied downward and sentenced Demery to 84 months' imprisonment. Doc. No. 111.

Demery now seeks a sentence reduction under the First Step Act's provisions regarding the application of the Fair Sentencing Act. In 2010, Congress passed the Fair Sentencing Act, which was designed to reduce sentencing disparity between cocaine and crack cocaine offenses. Before the Fair Sentencing Act's passage, a violation of 21 U.S.C. 841(a)(1) involving 50 grams or more of a mixture or substance containing cocaine base (that is, crack cocaine) carried a mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment. 21 U.S.C. 841(b)(1)(A) (2009). A violation involving 5 grams or more of a mixture or substance containing crack cocaine carried a mandatory minimum sentence of 5 years and a maximum sentence of 40 years. Id. § 841(b)(1)(B). Section 2 of the Fair Sentencing Act increased these threshold drug quantities from 50 grams to 280 grams and 5 grams to 28 grams, respectively. 111 Pub. L. No. 120, § 2, 124 Stat. 2372, 2372. In addition, Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine that had been contained in 21 U.S.C. § 844(a). Id. § 3. The Fair Sentencing Act's more lenient penalties for crack cocaine offenses applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Dorsey v. United States, 567 U.S. 260, 273, 281–82 (2012).[2]

The First Step Act of 2018 introduced a wide range of statutory provisions and amendments aimed at criminal justice reform. In Section 404 of the First Step Act, Congress made retroactive the Fair Sentencing Act's reduced penalties for crack cocaine offenses. Under Section 404, the sentencing court may, upon motion, "impose a reduced sentence as if sections 2 and 3 of the Fair

---

[2] The Fair Sentencing Act did not affect the mandatory minimum and maximum terms of imprisonment for any other controlled substances.

Sentencing Act . . . were in effect at the time the covered offense was committed." 115 Pub. L. No. 391, § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. § 404(a). No court shall entertain a motion made under Section 404 if the sentence was "previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Id. § 404(c).

Demery is ineligible for relief under Section 404 of the First Step Act. First, Demery's offense did not involve crack cocaine. The Superseding Indictment and Presentence Investigation Report make clear that Demery's offense instead involved providing methamphetamine to a minor. See Doc. Nos. 66, 100. Second, Demery committed the offense after August 3, 2010, and accordingly was sentenced after that date. Lastly, the amendments made by the Fair Sentencing Act applied to mandatory minimum sentences based on certain drug quantities, and Demery was not subject to a mandatory minimum sentence. For these reasons, Demery's offense is not a "covered offense" under Section 404 of the First Step Act. Because Demery's offense is not a "covered offense," the Court is precluded from reducing his sentence under Section 404 of the Act.[3]

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law and statutory provisions. For the reasons stated above, Demery's motion to reduce sentence (Doc. No. 114) is **DENIED**.

---

[3] Other sentencing reform provisions found in the First Step Act also would not apply to Demery because of his offense date and sentencing date. See 115 Pub. L. No. 391, § 401 (applies to "any offense that was committed before [December 21, 2018], if a sentence for the offense has not been imposed as of" that date), § 402 (applies "only to a conviction entered on or after [December 21, 2018]"), § 403 (applies to "any offense that was committed before [December 21, 2018], if a sentence for the offense has not been imposed as of" that date).

**IT IS SO ORDERED**.

Dated this 25th day of September, 2019.

>	*/s/ Peter D. Welte*
>	Peter D. Welte, District Judge
>	United States District Court